UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NATIONSTAR MORTGAGE LLC,

    Plaintiff,

v.                                                       Case No: 8:17-cv-3058-T-36TBM

ALEXANDER POULOS,

    Defendant.
_____

**ORDER**

This cause comes before the Court *sua sponte*. On December 20, 2017, Defendant Alexander Poulos ("Poulos") filed a notice of removal (Doc. 1), alleging that this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1441(a), because the Complaint arises under and raises questions of federal law (Doc. 1 ¶¶ 3-4). Because it is not clear from the face of Plaintiff Nationstar Mortgage LLC's ("Nationstar") single-count mortgage foreclosure Complaint that this action arises under or raises question of federal law, the Court has doubt as to the existence of subject matter jurisdiction.

Federal courts "are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d 992, 1000 (11th Cir. 1982).

Where the alleged basis for subject matter jurisdiction is a federal question under 28 U.S.C. § 1331, as it is in this case, the party invoking jurisdiction has the burden of demonstrating that the

action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question at issue "must appear on the face of the plaintiff's well-pleaded complaint." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011). An action, therefore, may not be removed under § 1331 on the basis of a defense that arises under federal law. *See*, *e.g.*, *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. For S. Cal.*, 463 U.S. 1, 14 (1983) (stating that "since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense . . . ."). Instead, "[a]s a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Id.* (quoting *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

Nationstar's Complaint raises one count seeking to foreclose Poulos' mortgage. Doc. 1 ¶ 1; Doc. 2 ¶¶ 1, 6. An action to foreclose a mortgage arises under state, not federal, law. *Reed .v. U.S. Bank Nat'l Ass'n*, 8:17-cv-1051-T-33AEP, 2017 WL 2001998, at *2 (M.D. Fla. May 11, 2017) (stating that a claim to foreclose a mortgage on real property is a state law claim); *see also U.S. Bank Nat'l Ass'n v. Windsor*, No. 6:15-cv-1895-Orl-41GJK, 2016 WL 3166851, at *2 (M.D. Fla. Mar 14, 2016) (stating that a complaint sought to foreclosure a mortgage and did not raise any federal cause of action), *adopted*, 2016 WL 3144143. Thus, federal law does not create the cause of action here.

In limited circumstances, federal question jurisdiction also exists over a "special and small category" of cases of state law claims where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Although Poulos cites to this standard in his notice of removal, he does not explain how Nationstar's mortgage foreclosure claim falls within this "special and small category" of claims.

Instead, Poulos alleges that federal question jurisdiction exists based on his claim that Nationstar's Complaint is an attempt to collect a debt that violates various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a-1692p. Doc. 1 ¶¶ 2, 4-5. However, such a defense cannot serve as the basis for federal question jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 14; *see also U.S. Bank, Nat'l Ass'n v. Martinez-Clark*, No. 6:16-cv-717-Orl-40KRS, 2016 WL 9460737, at *1 (M.D. Fla. Sept. 1, 2016) (stating that the mortgagor's federal defenses and counterclaims in a foreclosure action did not confer subject matter jurisdiction and recommending that the action be remanded to state court), *adopted*, 2016 WL 9460738.

Based on the foregoing, Poulos has not clearly established that the Court has federal question jurisdiction over this matter and, consequently, whether the Court has subject matter jurisdiction.

Accordingly, it is hereby **ORDERED** as follows:

Defendant is directed to **SHOW CAUSE** as to why this case should not be remanded for lack of subject matter jurisdiction. Defendant shall file a written response with the Court within **FOURTEEN (14) DAYS** from the date of this Order. Failure to respond within the time provided will result in the remand of this case without further notice.

**DONE AND ORDERED** in Tampa, Florida on December 27, 2017.

Charlene Edwards Honeywell
United States District Judge

Copies to: All Counsel of Record
All *Pro Se* Parties